UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PRONATIONAL INSURANCE CO.,** | ) | Case No. 1:05 CV 1240 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **JESUS A. RAMOS,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Motion to Dismiss ("Motion") filed by Defendant Jesus A. Ramos **(ECF No. 4).** For the reasons stated below, the Motion is **GRANTED**.

On May 11, 2005, Plaintiff ProNational Insurance Co. filed a nine-count complaint, seeking a declaration that coverage under its insurance policy is excluded or limited for claims asserted against Defendant in an underlying state tort action. *ECF No. 1, Complaint* ("Compl."). In addition to other claims, Plaintiff alleges that its policy specifically excludes coverage where the insured engages in willful, fraudulent, reckless, wanton, unlawful, and/or criminal and malicious conduct (Count III) and where the insured engages in any act of sexual misconduct which he actively participated in, facilitated,

or knowingly permitted (Count IV).[1] *Compl.* ¶¶ 30-31, ¶¶ 33-34. The relevant facts of the underlying action are as follows. On September 19, 2002, Jane Doe filed a complaint in state court alleging that Defendant (Doe's physician), along with other health care providers, committed medical malpractice and fraud by failing to warn her of the addictive nature of certain prescription medication that Defendant prescribed. *ECF No. 1, Exh. C., Complaint for Medical Malpractice, etc.* ¶¶ 24-28. Defendant pled guilty to and was convicted of felony drug trafficking, and has admitted to having a sexual relationship with Doe. *Response,* at 2. ProNational has been providing a defense to Defendant in the state action under a reservation of rights. *Id.* at 3.

On May 31, 2005, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *ECF No. 4.* On June 30, 2005, Plaintiff filed a response brief. *ECF No. 5, Plaintiff's Brief in Opposition, etc.* ("Response").

**I.**

The Declaratory Judgment Act provides that "any Federal Court 'may declare the rights and other legal relations of any interested party seeking' a declaration in a controversy over which the Court otherwise has jurisdiction." *Empire Indem. Ins. Co. v. Specialize Foster Care*

---

[1] The terms of the policy specifically exclude coverage for:

> Any willful, fraudulent, reckless, wanton, unlawful, criminal or malicious act or malicious omission ....
>
> \* \* \*
>
> Any act of sexual misconduct, sexual molestation or physical or mental abuse, whether under the guise of treatment or otherwise, if you actively participate in, facilitate, or knowingly permit any such conduct.

*Compl.* ¶ 12.

*Servs., Inc.,* 908 F.Supp. 483, 484 (N.D. Ohio 1995) (quoting 28 U.S.C. § 2201(a)). Jurisdiction under the Act is not automatic. *Coregis Ins. Co. v. Frank, Seringer & Chaney, Inc.,* 993 F.Supp. 1092, 1094 (N.D. Ohio 1997). "[A] district court must exercise its discretion in determining whether to accept jurisdiction over complaints seeking a declaratory judgment pursuant to the . . . Act in insurance coverage cases where the same issues are also addressed in parallel state court litigation." *Id*. (citations omitted). "[T]here is no per se rule against a district court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court. *Allstate Insurance Co. v. Mercier,* 913 F.2d 273, 277 (6th Cir. 1990) (citation omitted). Rather, the Sixth Circuit has held that the district court must consider certain principles as well as five (5) enumerated factors to determine whether to exercise its jurisdiction in a particular case:

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed . . . . We thus consider the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Mercier,* 913 F.2d at 277 (citations omitted). In a similar case before this district, Judge Katz employed ten (10) factors identified by the U.S. Supreme Court and the Sixth Circuit in determining

-3-

whether to exercise jurisdiction over a declaratory judgment action by an insurance company that sought a declaration that it owed no duty to defend or indemnify its insured in an underlying tort suit. *Empire Indem. Ins. Co.,* 908 F. Supp. at 484-85. These factors include:

> (1) Whether pending state proceedings present the same issues or underlying facts; (2) Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding; (3) Whether determination of the issues by a federal court would interfere with the orderly and comprehensive disposition of the issues in state court; (4) Whether the declaratory action would settle the controversy; (5) Whether the judgment would serve a useful purpose in clarifying and settling the legal relations in issue; (6) Whether the declaratory judgment action is being used for the purpose or "procedural fencing" or to provide an arena for a race for *res judicata;* (7) Whether the judgment would increase friction between federal and state courts and improperly encroach upon state jurisdiction; (8) Whether there is an alternative remedy which is better or more effective; (9) Whether the state court affords an adequate remedy; and (10) Whether the facts underlying the declaratory action are in dispute.

*Id.* The Sixth Circuit has stated that "declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Mercier,* 913 F.2d at 278 (citation omitted).

**II.**

Applying the above factors to the present case, the Court finds that it would be imprudent to exercise jurisdiction over Plaintiff's complaint for declaratory judgment. First and foremost, the facts giving rise to the instant declaratory action are in dispute. *See Coregis Ins. Co.,* 993 F.Supp. at 1096 ("[T]he facts underlying the declaratory action are in dispute. This usually mitigates toward dismissal since the parties have usually been pursuing discovery in state court.");

*Empire Indem. Ins. Co.,* 908 F.Supp. at 485. Although it is undisputed that Jane Doe and Defendant had a sexual relationship, it is unclear whether this relationship amounted to "sexual misconduct" within the meaning of the insurance contract. Whether Defendant's sexual conduct is specifically excluded from coverage under Plaintiff's insurance policy depends on whether his actions constituted "sexual misconduct." Defendant contends that the sexual relationship was voluntary, while Jane Doe (according to Plaintiff) alleges otherwise. *Response,* at 2 (stating that Jane Doe alleges that after she became addicted, she entered into a quid pro quo relationship with Defendant, exchanging sex for drugs). The record before this Court does not contain any definition of "sexual misconduct" as that term is used in the insurance policy, and insurance matters are generally issues of state law and better left to state courts for resolution. *Coregis Ins. Co.,* 993 F.Supp. at 1096. Interpretation of the sexual misconduct provision of the insurance contract might "encroach upon state jurisdiction to the extent that state law on this specific issue may be uncertain." *Empire Indem. Ins. Co.,* 908 F.Supp. at 485; *Scottsdale Ins. Co. v. Roumph,* 211 F.3d 964, 968-69 (6th Cir. 2000).

Furthermore, this Court's interpretation of the contract "could interfere with the orderly and comprehensive disposition of the issues in state court by giving issue-preclusive effect to determinations regarding [Defendant's] action[s]." *Id.* It is clear that a determination of the coverage issue would involve trying the underlying case, which has been pending since September 19, 2002, and is set for trial in January, 2006. Accordingly, any determination of whether Defendant's actions

constituted "sexual misconduct" is bound up in the underlying state court case.[2] Similarly, any determination of whether Defendant's conduct was willful, fraudulent, reckless, wanton, unlawful, criminal or malicious under provision 4(j) of the insurance policy depends on whether Defendant is deemed to have provided substandard medical care to Jane Doe. While Dr. Ramos was convicted of drug trafficking, he asserts that his conviction covered only a small portion of the drugs he prescribed for Jane Doe. Accordingly, whether Defendant engaged in "sexual misconduct" and whether Defendant committed medical malpractice is a question to be determined at trial in the underlying tort action. *See Mercier*, 913 F.2d at 278 (remanding case with directions to dismiss complaint for declaratory judgment where the record in the federal action was devoid of facts about the underlying tort action, facts would necessarily be developed at trial of tort action, and facts might have a direct bearing on the determination of whether the insuring clause of the policy, or the exclusions, control the obligations of the insurer).

In this case, the state court is in a superior position to address the issues presented in the declaratory judgment action either in the pending proceeding or in a subsequent indemnity action if Defendant is found liable. *See Empire Indem. Ins. Co.,* 908 F.Supp. at 485. Furthermore, the Court finds that Plaintiff has not provided an adequate reason for waiting almost three years to bring this declaratory judgment action in federal court. Dr. Ramos was convicted of drug trafficking prior to the

---

[2] In *American States Insurance Co. v. D'Atri,* 375 F.2d 761, 763 (6th Cir. 1967), the Sixth Circuit directed the district court to reinstate a declaratory judgment complaint filed by an insurer where the district court dismissed the complaint primarily on the grounds that the question of whether the policy covered the accident was inextricably bound up with the general question of the defendant's liability. The Sixth Circuit found important differences presented in the district court and state court proceedings. *Id*. at 763. In the instant case, however, the question of whether the policy excludes coverage for the sexual conduct at issue is necessarily bound up in the underlying case because the sexual misconduct provision of the insurance policy is undefined and the nature of the conduct (whether it was consensual) is still in dispute.

filing of the state case, and he admitted his sexual relationship with Jane Doe less than one year after the state case was filed.

### III.

Upon considering the principles and factors identified by the Sixth Circuit and the additional factors set forth in Judge Katz's opinion in *Empire*, the Court exercises its discretion under 28 U.S.C. § 2201 to decline jurisdiction in the instant case. Accordingly, the complaint for declaratory judgment is hereby dismissed without prejudice. Accordingly, Defendant's Motion to Dismiss **(ECF No. 4)** is hereby **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster 7/15/2005*
**Dan Aaron Polster**
**United States District Judge**